IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:02-CR-32-1H
No. 5:12-CV-596-H

TONY ITMUS CHANCE,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　Petitioner,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　　)　　　　**ORDER**
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
UNITED STATES OF AMERICA,　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　Respondent.　　　　　　　　　　　 )

This matter is before the court on petitioner's motion to vacate his conviction based upon the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The government has responded, stating that it is deliberately waiving the statute of limitations because petitioner "has a valid claim that, in light of Simmons, he was erroneously convicted of being a felon-in-possession of a firearm." (Govt.'s Resp. at 3.)

On February 9, 2002, petitioner was charged in a single-count indictment with possession of a firearm by a convicted felon. Relying on then-existing precedent, petitioner pled guilty to the indictment on July 8, 2002. On September 17, 2003, this court sentenced petitioner to 120 months in prison and three years of supervised release. [DE #46]. Petitioner was released from custody on April 23, 2012, and is now serving his

term of supervised release. On June 5, 2012, the United States Probation Office filed a motion for revocation of petitioner's supervised release, which is scheduled for hearing at this court's November 2012 criminal term.

The court, having reviewed the record, agrees that petitioner's motion is meritorious. Under Simmons' definition of a felony offense, petitioner's prior North Carolina convictions are not felonies for the purposes of § 922(g)(1) because petitioner could not have been imprisoned for more than one year on any of these offenses. As petitioner's exposure for his prior convictions did not exceed one year, petitioner is factually innocent of the federal crime of being a felon in possession of a firearm in violation of § 922(g)(1).

Petitioner's motion to vacate [DE #63] is GRANTED, and this court's judgment entered September 17, 2003, is hereby VACATED. The motion for revocation of supervised release, filed June 5, 2012, and amended July 26, 2012, is DISMISSED.

This 5th day of November 2012.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31